## State Employes in Reserve Services. No. 2

BARCO, Deputy Attorney General, August 6, 1940. — We have your recent communication wherein you ask us to review Formal Opinion No. 314, State Employes in Reserve Services, 37 D. & C. 261, issued by this department under date of January 30, 1940. You specifically direct our attention to the third conclusion contained in this opinion, which states (p. 268) :

"If a State officer or employe who is a member of such a reserve component renders his military service while on his regular vacation, he is entitled to both his pay as a State officer or employe and as a reserve officer, *but if his pay received for services rendered as a reserve officer from the Federal Government, at any time other than during his regular vacation period, equals or exceeds his regular pay as a State employe, then he is not entitled to his*

*State pay but merely to his 15 days' leave of absence in any one year."* (Italics supplied.)

In arriving at this conclusion just quoted, we based that portion of it which we have italicised upon the provisions of paragraph 5 of memorandum no. 11, issued by the Adjutant General of this Commonwealth under date of May 11, 1938, which you will find set forth at the top of page 4 [p. 263] of the opinion we are now reviewing. Briefly, the provisions of the Adjutant General's memorandum referred to "provides that civil employes in the employ of the Commonwealth are entitled to either their military or civil pay, depending on which they choose to elect; providing, however, that they are entitled to only one pay unless the military service is rendered during their authorized vacation period, in which case the employe or employes would be entitled to both civil and military pay during such period".

At the time we considered the matter set forth in our opinion referred to, supra, and arrived at the conclusions contained therein, we were under the misapprehension, as we have subsequently learned, that the provisions of the Adjutant General's memorandum, supra, were binding upon and controlled the members of the reserve component of the United States Army, Navy, or Marine Corps, as well as the members of the Pennsylvania National Guard. A recent study of this matter, however, reveals that there was no legal authority for the issuance of paragraph 5 of the Adjutant General's memorandum no. 11 of May 11, 1938, and that, therefore, it is a nullity to the extent that it applies to Federal pay.

Accordingly, Formal Opinion No. 314 is hereby modified so that conclusion no. 3 will read as follows:

"If a State officer or employe who is a member of such a reserve component renders his military service while on his regular vacation, he is entitled to . . . his pay as a State officer or employe. . . ."